# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2020

Lyle W. Cayce
Clerk

No. 19-20775

Meria James Bradley,

*Plaintiff—Appellant*,

*versus*

Shane Nash, Officer; J. Castroz, Officer; L. Bronikowski; A. Ferrer, Officer; G. Robertson, Officer,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3864

Before Willett, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Meria James Bradley, Texas prisoner # 1837524, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint for failing to state a claim for relief. The district court concluded that Bradley's claim—that evidence allegedly obtained in

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

violation of his Fourth Amendment rights should have been excluded from his criminal trial—was not cognizable under § 1983 because it challenged the validity of his conviction. Bradley's request to proceed IFP was denied, and the district court certified that an appeal would not be taken in good faith. By moving to proceed IFP on appeal, Bradley challenges the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Bradley does not challenge the district court's finding that his claims are not redressable through a § 1983 action. Instead, he argues that he sufficiently demonstrated his financial eligibility to proceed IFP. Thus, Bradley has waived his appeal regarding the district court's finding that his appeal would not be taken in good faith. *See Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998). Although his pro se brief was more liberally construed, he must still brief arguments in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

However, even assuming arguendo that waiver did not occur, Bradley could not prevail because he cannot put forth a nonfrivolous issue on appeal, which is required to proceed IFP. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Bradley cannot maintain his § 1983 action because judgment in his favor would necessarily imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

As such, this appeal lacks arguable legal merit and is, therefore, frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Bradley's motion to proceed IFP is DENIED, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Bradley's complaint and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). A prior § 1983 action filed by Bradley was dismissed as frivolous pursuant to

§ 1915(e)(2)(B)(i) and also resulted in two strikes under § 1915(g).  *See Bradley v. Bradford*, 204 F.3d 1117 (5th Cir. 1999) (unpublished).  Because he now has at least three strikes, Bradley is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).